# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-4516 PA (JCx) | Date | May 29, 2016 |
|---|---|---|---|
| Title | Lawanda Staten v. Concorde Career Colleges, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Concorde Career Colleges, Inc. ("Concorde"). Concorde asserts that this Court has jurisdiction over the action brought against it and defendant Adriana Latham ("Latham") by plaintiff Lawanda Staten ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Concorde must establish that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal alleges: "For diversity purposes, an individual's citizenship is determined by the individual's domicile. . . . Plaintiff alleges that she is and at all times mentioned in

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4516 PA (JCx) | Date | May 29, 2016 |
|---|---|---|---|
| Title | Lawanda Staten v. Concorde Career Colleges, Inc., et al. | | |

the Complaint, a resident of California." (Notice of Removal ¶ 11.) With respect to defendant Latham, the Notice of Removal alleges that "Latham is a former employee of Concorde. She resigned from her employment prior to the filing of Plaintiff's Complaint. Latham does not reside in California. (Mason Decl. ¶ 4.)" (Notice of Removal ¶ 13.) As the Notice of Removal makes clear, it relies on the Complaint as evidence of Plaintiff's residence and on the Mason Declaration for the residence of Latham. The Mason Declaration states that Latham "resigned from her employment prior to the filing of Plaintiff's Complaint. I am informed and believe that Latham moved out of state immediately after her employment with Concorde Career Colleges, Inc. ended and that she no longer resides in California." (Mason Decl. ¶ 4.) The Complaint alleges only that Plaintiff resides in California. (Compl. ¶ 1.) Because an individual is not necessarily domiciled where he or she resides, Concorde's allegations of the residence of both Plaintiff and Latham are insufficient to establish their citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Concorde's allegations are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Concorde has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. 19STCV11104, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.